## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| YVETTE CUCCARO and GREEN ACRES LAND, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>HOLLYWOOD EAST/AREA 51 LLC; POINT STRATFORD DEVELOPMENT, LLC; and ALLEN CHRISTOPHER,<br><br>      Defendants. | 3:10-cv-00728 (CSH)<br><br><br>__RULING ON MOTIONS__<br>__TO DISCHARGE__<br>__NOTICE OF LIS PENDENS__<br>__[Docs. ##5, 15]__ |

HAIGHT, Senior District Judge:

This case was removed by the United States in its role as the current title holder to the Stratford Army Engine Plant ("SAEP"), which the federal government wishes to convey to the defendants. The United States is not a party to the underlying state-court action; instead, its interests are implicated solely because the plaintiffs in the underlying action have filed a notice of *lis pendens* ("NLP") against the SAEP, which is clouding the government's title to the property and hindering the conveyance.

## I.       Background

Plaintiffs Yvette Cuccaro and Green Acres Land, LLC filed a verified complaint on January 19, 2010 in Connecticut Superior Court alleging that Cuccaro and her company were the original winning bidders in an auction to sell the SAEP, and that her interest as the highest bidder was misappropriated by her business partner and other interests. Cuccaro's state-court amended verified complaint ("AVC"), filed March 15, 2010, alleges that her business partner was under investigation for criminal wrongdoing and suggests that he is now a fugitive who has chosen to remain outside the United States. *See* AVC ¶¶ 21, 38, 42. Cuccaro's interest was transferred by

a document entitled "Assignment of the Right to Bid," executed by Hector Natera (the fugitive business partner) as managing member of Hollywood East, and Cuccaro as managing member of Green Acres LLC.   AVC ¶ 24.   She claims that the document was executed without consideration, and that she was not given an opportunity to review the document with independent legal counsel; instead, she was advised by the counsel for Hollywood East, who did not disclose to her their alleged conflict of interest.  AVC ¶¶ 26-29.

The AVC alleges counts for temporary and permanent injunctions, declaratory judgment, conversion, tortious interference with business relations, breach of contract, statutory theft, unjust enrichment, and a CUTPA violation.   In their Application for Temporary Injunction, originally filed in the underlying action on January 19, 2010, and refiled in this action on May 11, 2010 [doc. #14], plaintiffs "ma[d]e application for a temporary injunction in accordance with their prayer for relief," with no particular relief specified.   On the same day, plaintiffs also filed the Notice of Lis Pendens, which is attached to the government's notice of removal in the present case.   *See* NLP [doc. #1-1].   No memorandum in support or in opposition to plaintiffs' Application for Temporary Injunction has been filed to date.

The NLP gives notice of the pendency of "a civil action where Hollywood East/Area 51, LLC . . . and Allen Christopher . . . are defendants . . . , which action is brought for injunctive and declaratory relief *which affects the real estate sought to be purchased by Plaintiffs*, and for other relief."  NLP at 1 (emphasis added).

## II.    Ruling on  Motions To Discharge Lis Pendens

Pending before this Court are two Motions To Discharge Lis Pendens, [docs. #5, 15] filed by the United States of America and the defendants in this action, respectively.   Those motions

were both filed on May 11, 2010, with responses due on or before June 1, 2010.  To date, no opposition has been filed or otherwise received by the Court.

Therefore, it is the Order of this Court that the Motions To Discharge Lis Pendens are hereby GRANTED, absent opposition.

The Court notes that in the plaintiffs' Reply in support of their Motion To Remand Under 28 U.S.C. § 1447(c) [doc. #11], filed today,[1] the plaintiffs argue that "in the present case, as the United States agrees, title is not being disputed in the underlying action."  Reply [Doc. #11] at 4. That may be so, but clearly the NLP and the application for a preliminary injunction suggested that plaintiffs originally wished their lawsuit to operate as a cloud upon the government's title, effectively obstructing the sale of the subject premises.

Therefore, I construe plaintiffs' representation today that "title is not being disputed" to mean that even if plaintiffs seek to enjoin the transfer of the SAEP, they no longer seek to do so by using their lawsuit as a cloud upon the government's title.  Discharging the NLP accomplishes that purpose.

## III.   Dismissal for Lack of Subject Matter Jurisdiction

Now that the NLP has been discharged, there is no longer any dispute over the title that the United States holds to the SAEP.  Therefore, the only argued basis for this Court's subject-matter jurisdiction has disappeared, and the Court must dismiss this action *sua sponte*.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

1.      The government represents that the defendants did not oppose their Notice of Removal, but those defendants have not yet filed an opposition to the Motion To Remand, and their period of time in which to oppose that motion does not expire until June 8, 2010.  However, because discharging the NLP destroys the only basis for this Court's subject-matter jurisdiction, any response they might make to the plaintiffs' motion is now moot.

**IV.     Conclusion**

The Notice of Lis Pendens is hereby VACATED, and this action is hereby REMANDED

to the Connecticut Superior Court, Judicial District of New Haven, without fees or costs to either

party.  It is SO ORDERED.

Dated:  New Haven, Connecticut
        June 3, 2010

                              */s/ Charles S. Haight, Jr.*
                              Charles S. Haight, Jr.
                              Senior United States District Judge

-4-